## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MCCANTS <br> 4110 W Girard Ave. <br> Philadelphia, PA 19106 | : CIVIL ACTION <br> : <br> : NO._____ |
| Plaintiff, | : |
| v. | : JURY TRIAL DEMANDED |
| CITY OF PHILADELPHIA <br> 1501 Market Street <br> Philadelphia, PA 19102 | : |
| and | : |
| PHILADELPHIA POLICE DEPARTMENT <br> 750 Race Street <br> Philadelphia, PA 19106 | : |
| and | : |
| SERGEANT KIMBER ZERWECK <br> c/o Philadelphia Police Dept. <br> 3901 Lancaster Avenue <br> Philadelphia, PA 19104 <br> (individually and in his official capacity as a member of the Philadelphia Police Dept.) | : |
| and | : |
| OFFICER JOHN DOE I <br> c/o Philadelphia Police Dept. <br> 750 Race Street <br> Philadelphia, PA 19106 <br> (individually and in his official capacity as a member of the Philadelphia Police Dept.) | : |
| and | : |
| OFFICER John Doe II <br> c/o Philadelphia Police Dept. <br> 750 Race Street <br> Philadelphia, PA 19106 <br> (individually and in his official capacity as a | : |

member of the Philadelphia Police Dept.)  :
:
Defendants.                            :
:

## CIVIL ACTION COMPLAINT

AND NOW COMES the Plaintiff, Michael McCants, by and through his undersigned legal counsel of record, Ari R. Karpf, by way of Complaint against the above-named Defendants upon a cause or causes of action, does hereby aver and state as follows:

## JURISDICTION AND VENUE

1. This action is instituted under the United States Constitution, particularly under the provisions of the Fourth, Fifth and Fourteenth Amendments, and under federal law, particularly the Civil Rights Act of 1871, hereinafter sometimes referred to as the "Act", as amended, 42 U.S.C. Sections 1983, 1985, 1986 and 1988.

2. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §1331, §1343 (3), §1343 (4) and §1367, regarding the principles of pendent and supplemental jurisdiction over related state law claims.

3. Venue in the Eastern District is properly laid pursuant to 28 U.S.C. § 1391, in so far as the following alleged unlawful conduct complained of in this Complaint, which forms the factual and legal basis of the claims of the Plaintiffs, arose within the geographical limits of this District.

## PARTIES

4. Plaintiff Michael McCants (hereinafter referred to as "Plaintiff") is an adult *sui juris* individual, with an address as set forth above in the caption.

5. Defendant Sergeant Kimber Zerweck (hereinafter referred to as "Zerweck"), upon information and belief, is an adult *sui juris* individual who is currently serving in his capacity as a sworn officer in the 16th District of the City of Philadelphia Police Department, and is entrusted with the power to enforce laws of this Commonwealth, and the City of Philadelphia. Defendant Zerweck is entrusted to protect the Constitutional rights of those he encounters and at all times relevant hereto was acting within the scope of his duties and authority, under color or title of state or municipal public law or ordinance and supervised or controlled one or more of the other Defendants herein, or acted in concert with one or more of the other individual Defendants in the performance or conduct of their actions.

6. Defendant John Doe I (hereinafter referred to as "Doe I"), upon information and belief, is an adult *sui juris* individual who is currently serving in his capacity as a sworn officer in the 16th District of the City of Philadelphia Police Department, and is entrusted with the power to enforce laws of this Commonwealth, and the City of Philadelphia. Defendant Doe I is entrusted to protect the Constitutional rights of those he encounters and at all times relevant hereto was acting within the scope of his duties and authority, under color or title of state or municipal public law or ordinance and supervised or controlled one or more of the other Defendants herein, or acted in concert with one or more of the other individual Defendants in the performance or conduct of their actions.

7. Defendant John Doe II (hereinafter referred to as "Doe II"), upon information and belief, is an adult *sui juris* individual who is currently serving in his capacity as a sworn officer in the 16th District of the City of Philadelphia Police Department, and is entrusted with the power to enforce laws of this Commonwealth, and the City of Philadelphia. Defendant Doe III is entrusted to protect the Constitutional rights of those he encounters and at all times relevant

hereto was acting within the scope of his duties and authority, under color or title of state or municipal public law or ordinance and supervised or controlled one or more of the other Defendants herein, or acted in concert with one or more of the other individual Defendants in the performance or conduct of their actions.

8. Defendant City of Philadelphia (hereinafter "the City") is organized under the laws of the Commonwealth of Pennsylvania with the capacity to sue and be sued. The City is the legal and political entity responsible for the Philadelphia Police Department, its officials and employees.

9. Defendant Philadelphia Police Department (hereinafter referred to as the "Police Dept.") is a governmental entity within the Commonwealth of Pennsylvania empowered to enforce the laws within its jurisdiction for the purpose of protecting and preserving the persons and property within the geographical and legal jurisdiction of the city of Philadelphia.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. On July 13, 2010, at approximately 1:00 a.m., Plaintiff was walking from Penn Presbyterian Medical Center to his home after receiving medical treatment and being told by doctor not to drive a motor vehicle, which he left parked at said medical center.

12. A police car driven by Doe I approached and stopped near the intersection of 41st and Poplar Street.

13. Doe I asked Plaintiff where he was coming from and other general questions.

14. Plaintiff showed Doe I the arm band from the hospital and gave a clear explanation of his origin and destination.

4

15. Doe I exited the police car and requested Plaintiff's identification.

16. Plaintiff showed Doe I his job ID card and explained that he wore police pants, and had handcuffs and holster because he was an armed municipal security guard.

17. Doe I then told Plaintiff to wait while he checked for warrants.

18. A second police car arrived at the scene, driven by Doe II.

19. Doe II stated that Plaintiff was obviously not who they were looking for in reference to someone the police were potentially looking for in the greater Philadelphia area.

20. Zerweck came on the police radio and requested Doe I and Doe II bring Plaintiff to Zerweck's location despite Plaintiff's obvious non-involvement in any criminal conduct and notwithstanding Plaintiff's repeated requests to go home because of his medical concerns.

21. Doe I then placed Plaintiff in his patrol car to transport him to Zerweck's location and Plaintiff was not free to leave and had been placed in custody.

22. Upon arrival at Zerweck's location, Zerweck asked where Plaintiff's car was at, to which Plaintiff responded that it was at Penn Presbyterian Medical Center.

23. Plaintiff requested that he be freed so he could continue home because he was not feeling well and was taking medication.

24. Zerweck asked why Plaintiff was walking home at 1:00 a.m. from a hospital and proceeded to continuously interrogate Plaintiff without basis, reasonable suspicion or probable cause.

25. Plaintiff then asked if he was under arrest.

26. Zerweck then began assaulting Plaintiff with his night stick.

27. Zerweck then pulled Plaintiff out of the back of Doe I's patrol car and placed handcuffs on him.

28. Zerweck then continued to assault Plaintiff with his night stick, followed by forcefully hitting Plaintiff's face on the patrol car.

29. Zerweck then placed Plaintiff in the back of Doe I's patrol car.

30. Doe I then drove Plaintiff back to Penn Presbyterian Medical Center after Plaintiff said he needed medical attention as a result of being assaulted by Zerweck.

31. The physician who originally treated Plaintiff saw him again and diagnosed him with abrasions, contusions and back problems shortly after Plaintiff had been assaulted by the police.

32. Plaintiff suffered a swollen jaw, cuts inside his mouth, cuts on his back, a laceration on his hand and back pain.

33. Upon information and belief, Plaintiff's arrest and beating were premised upon his race (African American) and Defendants were Caucasian, and irrespective of race, were without provocation and/or basis.

### Count I
### Violation of 42 U.S.C. Section 1983
### (Plaintiff Michael McCants v. All Defendants)

34. The foregoing paragraphs are fully incorporated herein as though set forth at length.

35. The actions of all the Defendants, collectively and individually in planning, conducting, and carrying out the assault of Plaintiff McCants, and the uncontrolled, unwarranted, and illegal beating deprived said Plaintiff of his constitutional rights as guaranteed by the Fourth Amendment to the Constitution, Section 8 of the Pennsylvania Constitution and 42 U.S.C. Section 1983, in *inter alia*, the following manners:

    (a) in the unlawful stop of the Plaintiff;

(b)  in the unlawful arrest and detention of Plaintiff;

(c)  in the unreasonable use of force or use of excessive force in the said beating of the Plaintiff at the hands of the Defendants;

(d)  in the unlawful assault and / or battery of the Plaintiff at the hands of the Defendants;

(e)  in the unlawful restraint of the Plaintiff by the Defendants;

(f)  in the intentional or negligent infliction of emotional distress upon the Plaintiff;

(g)  in the development, implementation, and carrying out of a policy, practice or procedure designed to allow the use of excessive force, unlawful searches and seizures, physical assaults on innocent citizens, and deprivation of Constitutional rights of citizens;

(h)  in the failure of the individual Defendants to preclude, prevent, or restrain the other individual Defendants from effecting such deprivation of constitutional rights.

(i)  in the development, implementation, and the carrying out of a policy which posed a threat to the law abiding citizens of the City of Philadelphia and those who visit the City of Philadelphia, by the negligent retention of personnel and the negligent assignment of certain personnel to high risk units that would result in the likelihood of serious injury to innocent citizens or visitors to the City of Philadelphia;

(j)  in developing, implementing, and carrying out a policy, practice, procedure or custom which made no reasonable efforts to comply with

       standards for investigatory stops and police encounters and the utilization of equipment and training that would have prevented the overreaction by the police to the events of that evening;

(k)     in condoning and conducting and failing to restrain an unlawful and unjustified application of force in violation of the Constitutional rights of said Plaintiff;

(l)     in developing, implementing, and carrying out a policy, practice, procedure, or custom which amounted to cruel and unusual punishment and a deprivation of life and liberty actionable under 42 U.S.C. Section 1983;

(m)     in developing, implementing, and carrying out a policy, practice, procedure, or custom which made no reasonable or proper provision for the application of force for the preservation of personal safety of persons such as Plaintiff McCants, when their personal safety was placed in jeopardy by the ultra-hazardous activities carried out by one or more of the Defendants;

(n)     in deliberately failing to train, or continue the training of, all the Defendants in the recognition of the proper use of force and proper techniques of conducting a lawful traffic stop;

(o)     in failing to properly train, supervise, monitor, and control the actions of all the Defendants, so that the proper prior policy, practice, procedure, or custom could be accomplished safely and without the use of excessive force or undue risk to persons situated similarly to said Plaintiff in that the

        Defendants failed to follow training procedures and policy that would have prevented the assault conducted by them on said Plaintiff and others, allowing the Defendants to overreact and injure said Plaintiff; and

  (p)  in failing to oversee, monitor, control, curtail, or restrain the actions of the individual Defendants in carrying out such operations when all of the Defendants knew, or should have known, from prior operations of this kind, and/or from prior acts of misconduct by the individual Defendants, that, if not conducted in compliance with prior training and with the utilization of proper equipment by the individual Defendants, that the likelihood of property damage, physical and psychological injury, and the deprivation of the Constitutional rights of innocent citizens would be substantial.

36. As a direct and proximate result of the aforesaid actions and omissions of all of the Defendants in developing, implementing, and carrying out the aforesaid policy or policies or procedures, the Plaintiff has suffered injuries, losses, and/or damage entitlements including, but not limited by specification to, the following:

    a. loss of the use, benefit and enjoyment of life;

    b. physical and mental pain and suffering and anguish, and embarrassment and humiliation;

    c. physical injuries, all causing severe pain; loss of valuable and inalienable rights to be free from unlawful search, free from illegal restraint and loss of freedom of association, as well as personal and familial privacy;

    d. a potential loss of income and future medical expenses;

e. punitive damages, which are justified factually and legally due to the outlandish and outrageous conduct, actions, and/or omissions of one or more of the Defendants in their individual capacity as aforesaid; and

f. Attorney fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, the Plaintiff, Michael McCants, respectfully requests that this Honorable Court award a Judgment in his favor and against all named Defendants, jointly and severally, molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law.

**Count II**
**Violations of 42 U.S.C. §§ 1983 and 1986**
**Plaintiff Michael McCants v. All Individual Defendants**

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38. Defendant Officers, both in their individual and official capacities, had knowledge of the discrimination/violation of constitutional rights perpetrated on Plaintiff, but neglected and/or failed to prevent said wrongful and illegal acts when they had the power and statutory obligation to do so.

39. Defendants' neglect, aid and refusal to prevent and/or rectify infringement of the constitutional rights of Plaintiff constitutes a violation of the Civil Rights Act, Section 1986.

40. As a proximate and direct result of the above mentioned acts, Plaintiff has been damaged and has suffered injuries and was forced to endure physical pain, suffering and emotional distress, as well as mental anguish stemming from the deprivation of her rights.

WHEREFORE, the Plaintiff, Michael McCants, respectfully requests that this Honorable Court award a Judgment in his favor and against all named Defendants, jointly and severally,

molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law.

## Count III
### Violations of 42 U.S.C. §§ 1983 and 1985
### Plaintiff Michael McCants v. All Individual Defendants

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. At all times relevant herein, Defendants did conspire to deprive Plaintiff of his constitutionally and statutorily guaranteed rights pursuant to Constitution to the United States.

43. At all times relevant herein, Defendants further conspired to conceal the deprivations of liberties set forth above.

44. These conspiracies constituted and continue to constitute ongoing violations of 42 U.S.C. Section 1985.

45. As a direct and proximate cause of Defendants' unlawful conspiracy to deprive Plaintiff of his aforesaid rights, Plaintiff has and continues to suffer the damages set forth herein.

WHEREFORE, the Plaintiff, Michael McCants, respectfully requests that this Honorable Court award a Judgment in his favor and against all named Defendants, jointly and severally, molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law.

## Count IV
### False Imprisonment
### (Plaintiff Michael McCants v. All Individual Defendants)

46. The foregoing paragraphs are fully incorporated herein as though set forth at length.

47. Defendant Officers intended and actually confined Plaintiff without probable cause.

48. Plaintiff was conscious of the confinement.

49. As a direct and proximate cause of Defendants' unlawful and/or tortious conduct, Plaintiff has and continues to suffer the damages set forth herein.

WHEREFORE, the Plaintiff, Michael McCants, respectfully requests that this Honorable Court award a Judgment in his favor and against all named Defendants, jointly and severally, molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law.

### Count V
### Assault and Battery
### (Plaintiff Michael McCants v. All Individual Defendants)

50. The foregoing paragraphs are fully incorporated herein as though set forth at length.

51. As a direct and proximate cause of Defendants' unlawful and/or tortious conduct, Plaintiff has and continues to suffer the damages set forth herein.

WHEREFORE, the Plaintiff, Michael McCants, respectfully requests that this Honorable Court award a Judgment in his favor and against all named Defendants, jointly and severally, molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law.

### Count VI
### Intentional Infliction of Emotional Distress
### (Plaintiff Michael McCants v. All Individual Defendants)

52. The foregoing paragraphs are fully incorporated herein as though set forth at length.

53. The aforesaid extreme and outrageous conduct, acts, and/or omissions of the Defendants in the scope of their employment, or acting independently, were calculated, designed, and intended by the Defendants to intentionally inflict deliberate emotional distress, psychological trauma, and psychic pain and suffering upon said Plaintiff and to instill in his mind an immediate and permanent sense of fear and trepidation, and said conduct, acts, or omissions surpass all bounds of decency universally recognized in a civilized society.

54. As a direct and proximate result and consequence of the aforesaid conduct, acts, and/or omissions of the Defendants, which constitute extremely outrageous conduct, said Plaintiff has suffered, is suffering, or will continue to suffer for an indefinite time into the future the following:

(a) emotional and psychological distress and trauma;

(b) mental anguish;

(c) psychic pain and suffering;

(d) severe fright, horror, and grief;

(e) shame, humiliation, and embarrassment;

(f) severe anger, chagrin, disappointment, and worry, and;

(g) justified punitive damages, both factually and legally, because of the outlandish and outrageous conduct, actions, and/or omissions of one or more of the Defendants.

WHEREFORE, the Plaintiff, Michael McCants, respectfully requests that this Honorable Court award a Judgment in his favor and against all named Defendants, jointly and severally, molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law.

## Count VII
### Negligent Infliction of Emotional Distress
**(Plaintiff Michael McCants v. All Individual Defendants)**

55. The foregoing paragraphs are fully incorporated herein as though set forth at length.

56. The aforesaid negligent conduct, acts, and/or omissions of the Defendants in the scope of their employment, or acting independently, were calculated, designed, and intended by the Defendants to intentionally inflict deliberate emotional distress, psychological trauma, and psychic pain and suffering upon said Plaintiff and to instill in his mind an immediate and permanent sense of fear and trepidation, and said conduct, acts, or omissions surpass all bounds of decency universally recognized in a civilized society.

57. As a direct and proximate result and consequence of the aforesaid conduct, acts, and/or omissions of the Defendants, which constitute extremely outrageous conduct, said Plaintiff has suffered, is suffering, or will continue to suffer for an indefinite time into the future the following:

   (a) emotional and psychological distress and trauma;

   (b) mental anguish;

   (c) psychic pain and suffering;

   (d) severe fright, horror, and grief;

   (e) shame, humiliation, and embarrassment;

   (f) severe anger, chagrin, disappointment, and worry, and;

   (g) justified punitive damages, both factually and legally, because of the outlandish and outrageous conduct, actions, and/or omissions of one or more of the Defendants.

WHEREFORE, the Plaintiff, Michael McCants, respectfully requests that this Honorable Court award a Judgment in his favor and against all named Defendants, jointly and severally, molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law.

Respectfully submitted,

**KARPF & KARPF**

Ari R. Karpf, Esquire
3070 Bristol Pike
Building 2, Suite 231
Bensalem, PA 19020
(215) 639-0801

Dated: August 23, 2010

APPENDIX I

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Michael McCants : CIVIL ACTION

v.

City of Philadelphia, et al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

8/23/2010               Avi Karpf               Plaintiff
Date                    Attorney-at-law         Attorney for

(215) 639-0801          (215) 639-4970          akarpf@karpf-law.com
Telephone               FAX Number              E-Mail Address

(Civ. 660) 10/02

HE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of
nent to appropriate calendar.

s of Plaintiff: __4110 W Girard Ave Philadelphia PA 19104__

s of Defendant: __See attached sheet__

f Accident, Incident or Transaction: __Defendants place of business__
(Use Reverse Side For Additional Space)

is civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
Yes ☐   No ☒
ch two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))

Yes ☐   No ☒
this case involve multidistrict litigation possibilities?

ATED CASE, IF ANY:
Number: _____ Judge _____ Date Terminated _____

cases are deemed related when yes is answered to any of the following questions:

this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐   No ☐

oes this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated
tion in this court?
Yes ☐   No ☐

oes this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously
erminated action in this court?
Yes ☐   No ☐

IL: (Place ✓ in ONE CATEGORY ONLY)

Federal Question Cases:
- ☐ Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ FELA
- ☐ Jones Act-Personal Injury
- ☐ Antitrust
- ☐ Patent
- ☐ Labor-Management Relations
- ☒ Civil Rights
- ☐ Habeas Corpus
- ☐ Securities Act(s) Cases
- ☐ Social Security Review Cases
- ☐ All other Federal Question Cases
  (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
(Check appropriate Category)

I, __Avi Karpf__, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case
ceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __8/23/2010__ _____ Attorney-at-Law    __91530__ / __ARK-2404__ Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court
except as noted above.

DATE: __8/23/2010__ _____ Attorney-at-Law    __ARK-2404__ / __91530__

**DEFENDANTS ADDRESSES**

CITY OF PHILADELPHIA
1501 Market Street
Philadelphia, PA 19102

and

PHILADELPHIA POLICE DEPARTMENT
750 Race Street
Philadelphia, PA 19106

and

SERGEANT KIMBER ZERWECK
c/o Philadelphia Police Dept.
3901 Lancaster Avenue
Philadelphia, PA 19104

and

OFFICER JOHN DOE I
c/o Philadelphia Police Dept.
750 Race Street
Philadelphia, PA 19106

and

OFFICER John Doe II
c/o Philadelphia Police Dept.
750 Race Street
Philadelphia, PA 19106

JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MCCANTS, MICHAEL

**(b)** County of Residence of First Listed Plaintiff: Philadelphia

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)
Karpf & Karpf, P.C., 3070 Bristol Pike, Building 2 Suite 231, Bensalem PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
CITY OF PHILADELPHIA, et al.

County of Residence of First Listed Defendant: Philadelphia

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983, 1985 & 1986

Brief description of cause:
Violations of 42 U.S.C. 1983, 1985, 1986, False Imprisonment, Assault & Battery, ect.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 8/23/2010
Explanation:

SIGNATURE OF ATTORNEY OF RECORD